**Monica AJMANI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF the INTERIOR, Respondent.**

No. 82–2135.

United States Court of Appeals, District of Columbia Circuit.

Argued April 14, 1983.

Decided July 29, 1983.

---

Philip G. Sunderland, Washington, D.C., for petitioner.

Maureen Corcoran, Sp. Asst. U.S. Atty., of the Bar of the Supreme Court of the State of California, pro hac vice, by special leave of Court, San Francisco, Cal., with whom Stanley S. Harris, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence and Mi-chael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on brief, for respondent.

Before EDWARDS and BORK, Circuit Judges, and FAIRCHILD,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion PER CURIAM.

PER CURIAM:

On December 28, 1980, Monica Ajmani was awarded a career-conditional appointment as a Computer Systems Analyst in the Department of the Interior. For approximately twelve weeks prior to that time, she had been filling that position on detail from the Department of Justice. During that twelve-week period, a series of administrative problems had delayed the placement of her name on the rolls of the Department of the Interior. On December 18, 1981, approximately eleven and one-half months after receiving her career-conditional appointment, Ms. Ajmani was removed from her position by the Department of the Interior. Because this removal was effectuated before the expiration of the twelve-month probationary period, petitioner was accorded only the limited protection of 5 C.F.R. § 315.804 (1981)[1] and not the fuller procedural and substantive protections that non-probationary federal employees are entitled to under 5 U.S.C. § 7513 (Supp. V 1981).[2]

Ms. Ajmani appealed her removal to the Merit Systems Protection Board ("MSPB") on December 23, 1981, arguing, *inter alia*, that her removal was procedurally invalid because she was no longer a probationary employee at the time of her removal. Relying on 5 C.F.R. § 315.802(b) (1981) and on Section A–3c in Appendix A to Chapter 315 of the Federal Personnel Manual, she contended that the twelve weeks of service prior to her formal appointment should have been credited to her probationary peri-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. 5 C.F.R. § 315.804 requires little more than that the discharged probationary employee be informed of the reasons for the termination.

2. 5 U.S.C. § 7513 accords the discharged employee the rights, *inter alia*, to contest the grounds for the dismissal, to be represented by an attorney, and to a written decision at the earliest practicable date.

od. On April 21, 1982, the MSPB rejected petitioner's argument, concluding that it had no jurisdiction over her appeal. This ruling was affirmed by the full MSPB in an order issued August 20, 1982. Ms. Ajmani has filed for review in this court pursuant to 5 U.S.C. § 7703(a) (Supp. V 1981).

This case turns upon the meaning to be given to the "on the rolls" requirement of Section A–3c(1) of Appendix A to Chapter 315 of the Federal Personnel Manual (1981). That section provides:

c. *Service prior to personnel action involving new probationary period.* (1) *When service is counted.* All actual prior service which meets the requirements listed below is counted toward the completion of a new probationary period in connection with:

—Career-conditional or career appointments from civil service register; and

—The conversions to career-conditional or career employment from other types of employment which are covered by subchapter 7.

Prior service is counted regardless of whether it was under competitive appointment (career-conditional, career, probational, permanent, war service indefinite, indefinite, limited, or unlimited temporary), under excepted appointment, or as *status quo* employees. However, service of employees whose positions in public or private enterprise are taken over by the Government is counted only from the date the positions are placed in the competitive service. · Prior service which meets all of the following specifications is counted:

(a) It was rendered immediately preceding career or career-conditional appointment or conversion. *Employees must have been on the rolls of the agency at the time of the career or career-conditional appointment or conversion.* [Emphasis added.]

(b) It was in the same line of work and in the same agency as the position for which the action is taken. All service to be counted must have been continuously in the same line of work; there

must have been no interruption by official position change to another line of work.

(c) No more than one break of less than 30 days has occurred in it. (While actual service preceding a break of less than 30 days may be counted, the period of separation from the service may not be counted.) Military service is a continuation and not a break in service when a veteran who left a civilian position to enter the military service is restored to civilian service in accordance with his restoration rights.

. . . .

Petitioner meets all the requirements of this section except that she was not in any technical sense, as required by subparagraph (a) of Section A–3c(1), "on the rolls" of the Department of the Interior at the time her career-conditional appointment was made.

Petitioner argues that her time as a detailee should be counted as part of her probationary period because the policy of Section A–3c is fully satisfied here. During the twelve weeks of her detail work she performed the same duties and was supervised by the same persons as during the eleven and one-half months after her career-conditional appointment. She further relies upon the position taken by the Office of Personnel Management ("OPM") and the MSPB in *Angell v. Department of the Navy,* 4 M.S.P.B. 340 (1980). There a woman on a temporary limited appointment by the Department of the Navy was, after a break of two days, given a career-conditional appointment with the Department of the Navy. Though she was not "on the rolls" of the Department of the Navy at the time of her career-conditional appointment, OPM urged and MSPB agreed that her time as a temporary limited appointee should be counted as part of her probationary period because it fulfilled the purpose of that period.

Here the MSPB refused to apply the policy rationale of *Angell* to petitioner. It is unclear to us whether the *Angell* decision is fully distinguishable. It may be, for exam-

ple, that a person on a temporary limited appointment receives evaluation by the agency in a way that a detailee does not. In any event, petitioner here does not claim discrimination in the sense that the position taken by the MSPB in *Angell* is applied to other persons on detail.

We are persuaded that the MSPB's position in this case is correct. In the literal sense, petitioner was not "on the rolls" of the Department of the Interior at the time of her career-conditional appointment. It is clear, moreover, that Interior regarded her probationary period as beginning to run from the date of that appointment, December 28, 1980, and as expiring a year later. Petitioner had no reason to believe otherwise. Indeed, when she received her appointment, petitioner was notified that her position was subject to a one-year probationary period commencing on December 28, 1980. Thus both parties understood the situation and petitioner had no reason to suppose that the plain meaning of Section A–3c was waived in her case. We are informed also that Interior did not begin evaluations of petitioner's performance until she ceased being a detailee from the Department of Justice and received a career-conditional appointment at Interior.

Certainty about the duration of the probationary period is important both to the government and to probationary employees. Should this court embark upon a course of deciding individual cases according to its understanding of when the policy underlying the requirement of a probationary period is adequately fulfilled, not only would we invite a flood of litigation, but we would create an incentive for government agencies to discharge marginal probationers early in all cases where there was doubt whether prior service would be counted as part of the probationary period. This would serve no one's interest. Perhaps that could be cured by a rewriting of the regulations, but petitioner has offered us no adequate reason why the present regulations are not clear enough so that they may not be equitably applied according to their plain language in this case.

The decision of the MSPB is affirmed.